861 F.2d 266
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carter Caldwell STEVENS, Defendant-Appellant.
 No. 88-7111.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 26, 1988.
Decided Sept. 26, 1988.
 
 Carter Caldwell Stevens, appellant pro se.
 Robert Claude Jendron, Jr., Office of U.S. Attorney, for appellee.
 Before K.K. HALL and WIDENER, Circuit Judges and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Carter Stevens raises a number of issues, challenging his conviction and sentence, on appeal from the denial of his post-conviction petition pursuant to 28 U.S.C. Sec. 2255. We hold that Stevens' claims are either not supported by the record or were waived by his plea of guilty. We will address Stevens' claim concerning an addendum attached to the presentence report further.
 
 
 2
 Stevens was charged with one count of mail fraud, 18 U.S.C. Secs. 1345 and 2, and one count of making a false statement in a loan application, 18 U.S.C. Sec. 1014. He entered a plea of guilty to the charges and was sentenced to concurrent terms of two years in prison. Stevens contends that the government violated the terms of the plea agreement by filing an addendum to the Pre-Sentence Investigation report (PSI). Stevens claims that this addendum was filed after he and defense counsel viewed the PSI and thus, he was unable to contest the additional information.[1] According to Stevens, the additional information was unfairly prejudicial to him because it suggested that Stevens was responsible, in part, for other related thefts in excess of $250,000.[2] This, in turn, caused the Parole Commission to rate his offenses at a Class 5 severity level and results in him being projected to serve the full two years imposed. Consequently, Stevens contends that the information violated the government's agreement not to prosecute him for other crimes arising out of the same transaction.
 
 
 3
 We note at the outset that Stevens' complaint that he was unable to challenge the information in the addendum to the PSI is without merit. The material in the addendum only repeats what was reported in the original PSI--that Stevens was implicated in a wide ranging scheme with profits between $130,000 and $300,000. Moreover, we note that Stevens and his lawyer were aware of the prejudicial quality of the prosecutor's version of the crime long before sentencing and at no time was an objection raised.[3]
 
 
 4
 Stevens relies on Davis v. United States, 649 F.Supp. 754 (C.D.Ill.1986) in support of his claim. We note that Davis has not been viewed favorably. In Augustine v. Brewer, 821 F.2d 365 (7th Cir.1987), Davis was explicitly disapproved:
 
 
 5
 Because the determination of parole eligibility is a separate phase of the criminal justice process, plea agreements that bind the prosecution with respect to the filing of additional criminal charges or sentencing recommendations do not, absent a clear intent to the contrary, constrain the broad discretion of the Parole Commission to consider all relevant facts and circumstances bearing upon an individual's eligibility for parole.
 
 
 6
 Id. at 369 n. 2. We think this approach more accurately reflects the independent nature of the Parole Commission, see 18 U.S.C. Sec. 4202, and the intent of the parties.
 
 
 7
 Thus, we reject Stevens' argument. The government here did nothing unfair. Stevens agreed that the prosecutor could present all relevant facts surrounding his crimes and Stevens did not object to the facts as presented. Under these circumstances, we conclude that Stevens is not entitled to relief.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Stevens states that he discovered the addendum when he was allowed to view his PSI by prison officials
 
 
 [2]
 Stevens was one of several defendants charged with culpability in a wide ranging scheme to defraud banking institutions with false applications for loans to purchase mobile homes
 
 
 [3]
 The magistrate based his recommendation, in part, on a finding that the PSI, when reviewed by Stevens, contained a statement predicting that the Parole Commission would give him an offense severity rating of 5. A review of the record indicates that the passage referred to was contained in a letter attached to the PSI, dated after sentencing had taken place. Thus, it is unlikely that Stevens ever saw this letter. Nevertheless, this error does not change our holding here